IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-327-D

| | | |
|---|---|---|
| WILLIAM HYMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

William Hymon ("plaintiff") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits (collectively "benefits"). Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules plaintiff's objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections, the court applies the same legal standard that Judge Daniel discussed in the M&R. See M&R 2-3. Specifically, the court "must uphold the factual findings of the [administrative law judge ("ALJ")] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On August 17, 2005, an ALJ held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See id.; M&R 2-3. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

2

On October 6, 2005, the ALJ issued a decision denying plaintiff's application for benefits. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. R. at 14-15. Next, the ALJ determined that plaintiff had the following severe combination of impairments: an impairment of the right shoulder, a major depressive disorder, a somatoform disorder, and a personality disorder. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment. Id. At step four, after evaluating plaintiff's RFC, the ALJ found that plaintiff could not return to his past relevant work as a custodian and floor installer. Id. at 19. However, at step five, the ALJ determined that plaintiff could perform the requirements of a surveillance system monitor, school crossing guard, cashier, or ticket taker. Id. at 20. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 19-21.

On June 21, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 4-6. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

A.

Plaintiff initially objects to the M&R's determination that substantial evidence supports the ALJ's finding at step three that plaintiff's impairments do not meet or equal a listed impairment. Plaintiff claims that he satisfies listing 12.07 concerning somatoform disorders. See 20 C.F.R. § 404, Subpt. P, App. 1, § 12.07. Somatoform disorders are "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." Id. The ALJ found that plaintiff suffered from somatoform disorder, but did not demonstrate the "marked" limitations in daily living activities and social functioning necessary to satisfy listing 12.07. See id.; R. at 15-17.

3

Rather, the ALJ found that plaintiff demonstrated only moderate difficulties in activities of daily living and social functioning. R. at 15-17.

Substantial evidence supports the ALJ's findings as to plaintiff's limitations. A diagnosis alone can never meet or equal a listed requirement. See 20 C.F.R. § 404.1525(d). "Marked" limitations refer to more than moderate but less than severe restrictions or difficulties. See 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00(C). In finding moderate limitations, the ALJ thoroughly reviewed plaintiff's testimony and the medical evidence. R. at 15-19. Plaintiff attacks as "outdated" the opinion of Dr. Verne Schmickley, who concluded that "[i]n the future there should be no psychological contraindications for him being involved in return-to-work activities and gainful employment with his physical restrictions." Id. at 128; Objs. to M&R 1. Yet Dr. Schmickley made this assessment within the period of alleged disability and his opinion is consistent with other evidence that the ALJ cited, particularly the reports from plaintiff's primary care physician, Dr. J.E. Kenney. R. at 18-19, 199, 209. Further, Dr. Lori Brandon, the state agency psychologist who reviewed plaintiff's medical records, concluded that plaintiff's impairments caused only moderate limitations on daily living activities and social functioning. Id. at 182. Although plaintiff faults the M&R's and ALJ's reliance on Dr. Brandon's report, the opinion of a non-examining physician "can be relied upon when it is consistent with the record." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Accordingly, plaintiff's objection to the ALJ's finding that plaintiff's impairments did not meet or equal a listed impairment is overruled.

B.

Plaintiff next objects that the ALJ erroneously credited the opinion of Dr. Brandon over the assessment of Dr. Robert McCarthy. Dr. McCarthy, a psychologist, evaluated plaintiff in 2004 and wrote that he could not "imagine this man successfully functioning – safely – around people on a job

4

or even in a broadened social situation at this time." R. at 195. As the M&R notes, Dr. McCarthy was not a treating physician. Thus, his opinion is not entitled to controlling weight. M&R 12-14; see 20 C.F.R. § 416.927(d)(2). Nevertheless, plaintiff argues that because Dr. McCarthy was an examining psychologist, his opinion outweighs the opinion of the non-examining state agency psychologist.

Contrary to plaintiff's assertions, the question before the ALJ was not a binary choice between examining and non-examining opinions. The ALJ reviewed the records from several examining physicians, including plaintiff's primary care physician, Dr. Kenney. Dr. Kenney noted several times that plaintiff stated he felt well without any adverse medication problems. M&R 13; R. at 18-19, 199, 208, 209. The ALJ discounted Dr. McCarthy's opinion because it was "not supported by specific assessments of the claimant's mental and physical work-related capacities." R. at 19. Indeed, Dr. McCarthy's statement that he could not imagine plaintiff functioning safely at work is not a medical opinion entitled to any particular weight under the regulations, but rather a statement on an issue reserved for the ALJ. See 20 C.F.R. § 404.1527(a), (e). Where, as here, the ALJ has reviewed conflicting medical testimony and adequately explained his decision, the court will not reweigh the evidence or substitute its judgment for that of the ALJ. See Gordon, 725 F.2d at 235 ("[I]f the medical expert testimony from examining or treating physicians goes both ways, an ALJ's determination coming down on the side on which the non-examining, non-treating physician finds himself should stand."); Koonce v. Apfel, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999) (per curiam) (unpublished) ("An ALJ's determination as to the weight assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion.") (citations omitted). Accordingly, plaintiff's second objection is overruled.

5

## C.

Finally, plaintiff objects that the ALJ failed to resolve conflicts between the testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT") in accordance with Social Security Ruling 00-4p. Ruling 00-4p states that before relying upon a VE's testimony to support a disability determination an ALJ must identify and obtain a reasonable explanation of any conflicts between occupational information in the VE's testimony and information in the DOT, and explain how the conflict was resolved. Soc. Sec. R. 00-4p, 2000 WL 1898704, at *4 (S.S.A. 2000).

Plaintiff contends that the ALJ failed to address a discrepancy between his hypothetical question to the VE and the ALJ's finding in his RFC determination that plaintiff had "limited reaching ability." R. at 16. The ALJ's hypothetical question directed the VE to assume an individual was

> confined to very limited use of his right, dominant arm, to the extent that he can't raise that arm much over waist height but he can use – he can grasp and grip with the right, dominant hand. He can – and with his left, non-dominant arm and hand, he can lift, you know, 30 pounds. . . .

Id. at 252-53. The VE testified that plaintiff could work as a surveillance system monitor, school crossing guard, cashier, or ticket taker. Id. at 254-56. Plaintiff argues that these jobs require "frequent reaching" exceeding plaintiff's limitations.

A hypothetical question is proper if it "adequately reflects" an RFC for which the ALJ had sufficient evidence. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005). Plaintiff provides no support for his assertion that the jobs that the VE specified require frequent reaching exceeding plaintiff's limitations. Cf. U.S. Dep't of Labor, Dictionary of Occupational Titles (vol. I, 4th ed. rev. 1991), at p. 281 ¶ 379.367-010 (surveillance-system monitor); p. 267, ¶ 371.567-010 (school crossing guard); p. 183 ¶ 211.362-010 (cashier); p. 253 ¶ 344.667-010 (ticket taker). The court

6

agrees with the M&R that the hypothetical question and VE testimony adequately reflected the ALJ's finding and the medical evidence that plaintiff has limited use of his right arm but can use his left arm. See Johnson, 434 F.3d at 659. Accordingly, there was no inconsistency between the DOT and VE testimony for the ALJ to resolve. See Fisher v. Barnhart, 181 Fed. Appx. 359, 365-67 (4th Cir. May 16, 2006) (per curiam) (unpublished). Plaintiff's last objection is overruled.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This the 4 day of October 2007.

JAMES C. DEVER III
United States District Judge